139 F.3d 905
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Lee HUNTER, Plaintiff-Appellant,
v.
J.M. RATELLE, Warden; Lenard, Appeals Officer; R.L. McKee;
James H. Gomez, Director of the California
Department of Corrections; R.S.
Soriano; Keven Paules,
Defendants-Appellees.
 No. 97-55894.
D.C. No. CV-96-00430-IEG.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 23, 1998.
Submitted February 9, 1998.**
 
 1
 Appeal from the United States District Court for the Southern District of California Irma E. Gonzalez, District Judge, Presiding.
 
 Before PREGERSON, CANBY, and LEAVY
 
 2
 MEMORANDUM*
 
 
 3
 David Lee Hunter, a California state prisoner at all times relevant to the issues on appeal, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 4
 With respect to Hunter's claim that prison officials denied him access to the courts, the district court did not err by finding that he failed to present evidence that he had suffered an actual injury to a non-frivolous claim relating to his conviction or the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2179-82, 135 L.Ed.2d 606 (1996). With respect to Hunter's claim that the prison officials violated his First Amendment rights by inspecting legal mail outside his presence, we conclude that none of the allegedly inspected mail, all of which was sent by courts, was legal mail for purposes of the First Amendment. See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir.1996).
 
 
 5
 With respect to Hunter's claim that he was assessed a loss of privileges for a few days in retaliation for filing the present lawsuit, the district court did not err by finding that he failed to present sufficient evidence linking his exercise of constitutional rights with the alleged retaliatory action. See Pratt v. Rowland, 65 F.3d 802, 807-08 (9th Cir.1995). With respect to Hunter's claim that he was transferred from one prison unit to another in retaliation for filing the present lawsuit, the district court did not err by finding that he failed to present evidence of an absence of a legitimate penological interest. See Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).[1]
 
 
 6
 With respect to his due process claim, the district court properly found that Hunter failed to submit evidence that he suffered an atypical and signicant deprivation giving rise to a liberty interest. See Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995).
 
 
 7
 With respect to his equal protection claim, the district court properly found that Hunter failed to submit evidence that he was treated differently than any other inmate. See Washington Davis, 426 U.S. 229, 239-40, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Insofar as Hunter raises on appeal the district court's denial of his motion for a preliminary injunction to prevent his April 1997 transfer, we conclude that this claim fails on similar grounds